UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 15-208-DLB

MACK L. HINOJOSA,                                                                                         PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

J. C. HOLLAND, WARDEN,                                                                             RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Mack L. Hinojosa is an inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Hinojosa has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1)

Hinojosa has not paid the $5.00 filing fee required by 28 U.S.C. § 1914 or filed a motion to waive payment of it pursuant to 28 U.S.C. § 1915. Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollar filing fee from funds in Hinojosa's inmate account in satisfaction of that financial obligation.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hinojosa's petition under a more lenient

1

standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Hinojosa states that he has "delivered his payment" of all fines and costs imposed as part of the criminal judgment entered against him, and contends therefore that he is entitled to dissolution of the "lien" against him in his criminal case, presumably resulting in his release from prison. (Doc. # 1, p. 1-3) This argument is functionally identical to one made repeatedly by Christopher Harris, another inmate at USP – McCreary, whose repeated and abusive filings have resulted in the entry of a sanctions order prohibiting him from filing new actions or motions absent prior permission from the Court. *Harris v. U.S. Marshal*, No. 15-120-DLB (E.D. Ky. 2015). Indeed, the handwriting in Hinojosa's petition plainly belongs to Harris, who drafted this and numerous nearly-identical petitions on behalf of several other inmates and filed them within a matter of days. See *Williams v. Holland*, No. 6: 15-201-KKC (E.D. Ky. 2015); *Hinojosa v. Holland*, No. 6: 15-205-DLB (E.D. Ky. 2015); *Hinojosa v. Holland*, No. 6: 15-206-DLB (E.D. Ky. 2015); *Hinojosa v. Holland*, No. 6: 15-207-GFVT (E.D. Ky. 2015); *Hinojosa v. Holland*, No. 6: 15-208-DLB (E.D. Ky. 2015); *Hinojosa v. Holland*, No. 6: 15-210-KKC (E.D. Ky. 2015).

On the merits, this argument is entirely frivolous. Cf. *United States v. Harris*, No. 1:98-CR-121-SEB-DKL-3 (S.D. Ind. 1998) (Doc. # 86 therein ("[T]he defendant is serving the executed portion of the sentence imposed in the above action and his

requests are based on the mistaken premise that the judgment entered in the case represents a commercial transaction which can be satisfied—to secure his release—by the posting of a bond.")); *Harris v. Wands*, 410 F. App'x 125 (10th Cir. 2011) ("Mr. Harris does not appear to challenge the validity of his conviction, only its execution, and he does so based on principles of contract law. Despite his arguments to the contrary, however, Mr. Harris's sentence is not the creation of civil commercial transactions."); *Harris v. Kammerzell*, 440 F. App'x 627 (10th Cir. 2011) (same, and affirming the district court's imposition of pre-filing restrictions); *Harris v. Holder*, No. 1:14-CV-584, 2014 WL 4388263 (S.D. W. Va. Sept. 3, 2014) (same).  The Court agrees with the Tenth Circuit that the "use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws."  *Harris*, 410 F. App'x at 147.  Hinojosa's petition will therefore be denied.

Hinojosa, who signed the petition, is cautioned that the Court will impose substantial sanctions or fines upon him should he file such patently frivolous actions or motions again, whether in this case or in future matters.

Accordingly, **IT IS ORDERED** that:

1. Warden J. C. Holland is **SUBSTITUTED** for the United States of America as the respondent in this proceeding.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

2. The Clerk of the Court shall send a copy of this Order to the warden of the institution in which Hinojosa is currently confined.

3. Hinojosa's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Hinojosa's inmate trust fund account once the amount in the account exceeds $10.00.

4. Hinojosa's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**.

5. This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

6. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 7th day of December, 2015.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\ProSe\15-208 MOO dismissing 2241 Petition